IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v                                         CASE NO. 07-50038-001

WILLIAM OTIS ARREDONDO                                                      DEFENDANT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is Defendant's pro se **"Motion Pursuant to the Federal Rules of Criminal Procedure Rule 36" (Doc. 33)**.  For the reasons stated below, the undersigned recommends that the motion be **DENIED**.

On April 3, 2008, Defendant was sentenced in this district to 105 months imprisonment after pleading guilty to distributing methamphetamine.   It appears from the facts stated in the Presentence Investigation Report that, at the time of his sentencing, Defendant was serving a state parole revocation sentence (PSR ¶ 48).  The judgment entered in this case was silent as to whether Defendant's federal sentence was to run concurrently or consecutively to his state parole revocation sentence.  In the motion now before the Court, Defendant asserts that his federal sentence "was inferred to run [concurrently], as the Court was aware of the State of Arkansas cases and had the opportunity to impose a consecutive term at that point."  Defendant moves to correct the judgment pursuant to Rule 36 to reflect that his federal sentence is to run concurrently to his state parole revocation sentence.

Rule 36 states that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  The undersigned has listened to the recording of Defendant's sentencing hearing and the Court made no

mention of whether Defendant's federal sentence was to run concurrently or consecutively to his state parole revocation sentence. The failure to address how the sentences were to run "was not an error, clerical or otherwise," and provides no grounds for relief under Rule 36. See United States v. Turner, 2007 WL 2915652 (8th Cir. Oct. 5, 2007). The undersigned notes that Application Note 3(C) to U.S.S.G. 5G1.3(c) recommends that a federal sentence be imposed consecutively to a state parole revocation sentence. Further, 18 U.S.C. § 3584(a) provides that multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. Thus, it appears that Defendant's federal sentence and state parole revocation sentence are being properly served as consecutive sentences.

Accordingly, the undersigned recommends **DENYING** Defendant's Rule 36 Motion (Doc. 33). **The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 10th day of March, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE